UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRANDON NELSON CONRAD, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:17-CV-00056-GFVT |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| MATTHEW G. BEVIN, in his official ) | **ORDER** |
| capacity as Governor of the Commonwealth ) | |
| of Kentucky, et al., ) | |
| ) | |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

On July 17, 2017, Brandon Nelson Conrad brought several constitutional challenges to the decision of the Kentucky Board of Medical Licensure's decision to suspend his license. This Court decided that each of Dr. Conrad's claims should be dismissed for various reasons. [R. 48.] Now, Dr. Conrad has filed a Motion to Set Aside Dismissal, pursuant to Fed. R. Civ. Pro. 59(e). For the following reasons, Dr. Conrad's Motion [R. 49] is **DENIED.**

I

This Motion stems from the same factual basis as the original Memorandum Opinion & Order [R. 48], and therefore, the facts from that opinion are incorporated here by reference. Dr. Conrad's Motion to Set Aside is based entirely on his "intrusion upon seclusion" claim, asserting this Court's decision was based on factual error. [R. 49 at 3.] "To better aid the Court in understanding the sequence of events," Dr. Conrad provides a timeline. *Id*. at 3–5. The Court is troubled, however, that the facts alleged in this timeline provide new and different facts than those alleged in Dr. Conrad's complaint.

[*Compare* R. 49 *with* R. 16.]

In his complaint, Dr. Conrad claims he was first suspended by Ephraim McDowell Regional Medical Center and notified of a pending Medical Executive Committee Review on March 17, 2017. [R. 16 at ¶ 20.] He then states, "On Wednesday, March 29, 2017, Dr. Conrad submitted to an interview with Dr. William Ward of the Foundation." *Id*. at ¶ 23. In his Motion, he claims that the Foundation's records included a KASPER report requested and generated by Dr. Jones. [R. 49 at 4.] This assertion is not contained anywhere in the Complaint. The Complaint alleges that Dr. Beth Housman, Dr. Conrad's treating psychiatrist, routinely obtained his reports. [R. 16 at ¶¶ 25, 118.] He claims in the Complaint that the Foundation and Dr. Ward had possession of this report sometime prior to April 6, 2017. *Id*. at n.6; *Id*. at 14, n.12; *Id*. at ¶ 96; *Id*. at 116;[1] *Id*. at ¶ 129. Now, he states that the KASPER report was requested and generated by Dr. Gregory Jones prior to March 29, 2017. [R. 49 at 4–6.] However, Dr. Conrad also points to testimony from Dr. Jones that he did not request a KASPER report. *Id*. at 6. These assertions cannot simultaneously be true, and neither assertion was provided in the Complaint.

Regardless of which individual at the Foundation requested the report, the Foundation seems to have obtained a copy on March 29, 2017. [R. 49-1.] Dr. Conrad argued in his Complaint that this was a violation of KRS § 218A.202. [R. 16 at ¶ 130.]

---

[1] This paragraph refers to Dr. Ward's March 10, 2017 letter. The Court is not otherwise aware of such a letter, as Dr. Conrad alleged he was not notified of any proceedings until March 17, 2017. [R. 16 at ¶ 20.] Dr. Conrad has provided the Court with a letter dated May 10, 2017, but such letter contains no reference to a KASPER report. [R. 16-8.] Additionally, Dr. Conrad provided a letter dated April 6, 2017, where Dr. Ward expressed concern with the KASPER report, but such letter is not addressed to the Kentucky Board of Medical Licensure, as Dr. Conrad alleges. [*Compare* R. 16-5 *with* R. 16 at ¶ 116.]

This Court found that the Foundation, acting as a representative of the Kentucky Board of Medical Licensure (the Board), was authorized to view the KASPER report at that time. [R. 48 at 28.] Dr. Conrad argues this is an incorrect statement of law, as the Board did not begin a formal investigation until, at the earliest, May 10, 2017. [R. 49 at 2.]

## II

Rule 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

Dr. Conrad claims that this Court's Order was based on factual error, and thus, "he can meet the *Cosgrove* burden." [R. 49 at 3.] As an initial matter, *Cosgrove* is a decision from the Seventh Circuit Court of Appeals, not binding on this Court. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952) (holding that the ruling of the Court of Appeals in one circuit is not binding on a district court sitting in a different circuit). Even so, the Court reconsiders its decision to the extent that the Foundation obtained the KASPER report on March 29, 2017, prior to the Board's formal investigation.

3

The entirety of Dr. Conrad's motion argues, again, that the Foundation obtained his KASPER report in violation of KRS § 218A.202.  Ephraim McDowell began an investigation into Dr. Conrad's behavior on March 17, 2017.  [R. 16 at ¶ 20.]  Dr. Conrad voluntarily met with Dr. Ward of the Foundation for an evaluation.  *Id*. at ¶ 23.  The Court found previously, and Dr. Conrad does not dispute, that the Foundation is a designated representative of the Board, as contemplated under KRS § 218A.202(7)(a).  [R. 48; R. 49.]  Instead, he argues that the Foundation would only be permitted to request the KASPER report once the Board had begun a formal investigation.

Dr. Conrad has not provided, and the Court cannot find, law to support this argument.  The text of KRS § 218A.202(7)(a) authorizes disclosure of KASPER data to "A designated representative of [the Board] who is involved in a bona fide specific investigation involving a designated person."  When Ephraim McDowell referred Dr. Conrad to the Foundation on or before March 29, 2017, and Dr. Conrad consented to an evaluation with Dr. Ward, the Foundation began a "bona fide specific investigation" involving Dr. Conrad and his treatment of two specific patients.  [R. 16 at ¶¶ 20–23.]  The statute does not require, as Dr. Conrad suggests, that such "bona fide specific investigation" only occurs upon the Board's initiation of a formal procedure.  Accordingly, the Court does not find "a clear error of law" required to grant a motion under Rule 59(e).

## III

This motion is an attempt to relitigate issues already determined by this Court.  Even if the Court accepts each of Dr. Conrad's allegations as true, the Court finds no

4

reason to vacate its previous decision. Accordingly, for the aforementioned reasons, Plaintiff Brandon Nelson Conrad's Motion to Set Aside Dismissal [**R. 49**] is **DENIED**.

This the 17th day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge